IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARSHAN H. PATEL | : |
| | : |
| Petitioner, | : 3:25-cv-2185 |
| | : (JUDGE MARIANI) |
| v. | : |
| | : |
| DAVID O'NEIL, Acting Field Office | : |
| Director of Enforcement and Removal | : |
| Operations, Philadelphia Field Office, | : |
| Immigration and Customs | : |
| Enforcement, KRISTI NOEM, | : |
| Secretary of U.S. Department of | : |
| Homeland Security, PAMELA BONDI, | : |
| U.S. Attorney General, and ANGELA | : |
| HOOVER, Warden of Clinton County | : |
| Correctional Facility | : |
| | : |
| Respondents. | : |

## MEMORANDUM OPINION

### I.   FACTUAL BACKGROUND

On November 18, 2025, Petitioner Darshan H. Patel, a citizen of India residing in the United States for the past seven years on a $25,000 bond, with no criminal record, a pending asylum application, and work authorization, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is currently detained at the Clinton County Correctional Facility within the Middle District of Pennsylvania. (*Id.*, ¶ 1). The Petition names as Respondents: David O'Neil, Acting Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement;

Kristi Noem, Secretary of the United States Department of Homeland Security; Pamela Bondi, United States Attorney General; and Angela Hoover, Warden of the Clinton County Correctional Facility. (*Id.*, ¶¶ 19-22).

On November 22, 2018, Petitioner entered the United States with his wife from Mexico without inspection. (*Id.*, ¶ 2). He was apprehended by Customs and Border Patrol shortly thereafter and detained from November 22, 2018, through February 9, 2019. (*Id.*). On February 9, 2019, he was released after posting a $25,000 bond.[1] (*Id.*). Thereafter, Petitioner filed an I-589 Application for Asylum with the Immigration Court. (*Id.*, ¶ 4). The Application was denied by an Immigration Judge on July 5, 2023, and Petitioner appealed that decision to the Board of Immigration Appeals. (*Id.*). That appeal remains pending and, accordingly, Petitioner does not have a final order of removal. (*Id.*). As an asylum applicant, Petitioner was provided with work authorization and a social security number. (*Id.*). Since his entry into the United States, he has lived a law-abiding and productive life and has a U.S. citizen daughter who is approximately 3 ½ years old. (*Id.*).

On November 15, 2025, Petitioner was arrested by Immigration and Customs Enforcement at his place of employment in Bloomsburg, Pennsylvania. (*Id.*, ¶ 5). Petitioner alleges that he was not provided a pre-deprivation hearing prior to his re-detention by

---

[1] Prior to Petitioner's release, he was issued a Notice to Appear in Immigration Court, charging him as being an alien present in the United States without admission or parole, and as an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigration visa—a charge Petitioner denies and alleges is not applicable to under him the law. (Doc. 1, ¶ 3) (citing 8 U.S.C. § 1182(a)(6)(A)(i); 8 U.S.C. § 1182(a)(7)(A)(i)(I); Ex. A).

Respondents. (*Id.*). More specifically, Petitioner alleges he "was not provided any notice that he would be re-detained, nor notice or allegation that he had violated his immigration bond." (*Id.*).

Because Petitioner is charged with having entered the United States without inspection, the Department of Homeland Security "has denied or will deny Petitioner release from immigration custody, consistent with a new DHS policy issued on July 8, 2025, instructing all Immigration and Customs Enforcement employees to consider anyone inadmissible under § 1182(a)(6)(A)(i)—i.e., those who entered the United States without admission or inspection—subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond." (*Id.*, ¶ 6). In addition, on September 5, 2025, the Board of Immigration Appeals issued a precedential opinion holding that an Immigration Judge "has no authority to consider bond requests for any person who entered the United States without admission." (*Id.*, ¶ 7) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)). The Board of Immigration Appeals "determined that such individuals are subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond." (*Id.*).

Petitioner alleges his detention under 8 U.S.C. § 1225(b)(2)(A) "violates the plain language of the Immigration and Naturalization Act." (*Id.*, ¶ 8). More specifically Petitioner alleges that "Section 1225(b)(2)(A) does not apply to individuals like Petitioner who previously entered and are now residing in the United States." (*Id.*). Rather, "such

3

individuals are subject to a different statute, § 1226(a), that allows for release on conditional parole or bond" and further applies to persons similarly situated to Petitioner who are charged as inadmissible for having entered the United States without inspection. (*Id.*). "Respondents' new legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like Petitioner." (*Id.*, ¶ 9). Petitioner seeks habeas relief requesting that he be immediately released from custody, or in the alternative, an Order directing Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days.

As noted, Petitioner alleges he is being unlawfully detained by Respondents without a bond hearing in violation of the Immigration and Naturalization Act ("INA") and the Fifth Amendment's due process clause. (Doc. 1, ¶¶ 48-62). Specifically, Petitioner alleges he is being unlawfully detained by Respondents without a bond hearing under the mandatory detention provision of the INA, 8 U.S.C. § 1225(b)(2)(A), instead of the discretionary detention provision of the INA, 8 U.S.C. § 1226(a). (*Id.*, ¶¶ 8-10, 39-43). This distinction matters because noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2)(A) are not entitled to a bond hearing, whereas noncitizens detained pursuant to 8 U.S.C. § 1226(a) are entitled to a bond hearing before an Immigration Judge. *See Patel v. McShane*, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025) (8 U.S.C. § 1226(a) "entitles detained individuals to a bond hearing before an Immigration Judge") (citations omitted).

On November 20, 2025, Petitioner filed an *ex parte* motion for a temporary restraining order and brief in support seeking temporary injunctive relief. (Docs. 2-4). On November 24, 2025, the Court denied Petitioner's motion for a temporary restraining order as procedurally flawed. (Doc. 5). As directed by the Court, the Respondents filed a response to the Petition on December 3, 2025. (Doc. 8). On December 5, 2025, Petitioner filed a reply to Respondents' response. (Doc. 9).

The Respondents do not dispute the factual allegations contained in the Petition.[2] (*Id.*). Rather, they set forth legal arguments as to why this Court lacks jurisdiction to hear the Petition and further claim that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). (*Id.* at 15). But, as discussed more fully below, Respondents' interpretation of the INA—the same one they advance here—has been consistently rejected by nearly every federal district court to consider these issues.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established that a federal

---

[2]    Respondents do dispute that Petitioner came into the United States from Mexico. (Doc. 8 at 12) ("Petitioner is a native and citizen of India who entered the United States at an unknown location on or about November 22, 2018."). They also dispute that Petitioner was arrested in Bloomsburg, Pennsylvania. (*Id.*) ("On November 15, 2025, Petitioner was encountered in Williamsport, Pennsylvania and detained."). Neither dispute is material to the resolution of the Petition. Having considered the Petition and response, the Court decides this matter without oral argument or an evidentiary hearing because there are no material factual disputes between the parties and the question is one of legal interpretation.

habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted); *accord Patel*, 2025 WL 3241212, at *2.

### III.   ANALYSIS

#### A. This Court Has Jurisdiction Over Petitioner's Habeas Petition.

Before addressing the merits, the Court must first address Respondents' position that the Court lacks jurisdiction to grant the writ. Respondents direct the Court to three subparagraphs of the INA: 8 U.S.C. §§ 1252(g),1252(b)(9), and 1252(a)(2)(B)(ii) which they claim divest this Court of jurisdiction to hear Petitioner's habeas petition. (Doc. 8 at 15-22). The Court need not dwell on the jurisdictional issues because, as discussed below, federal district courts to consider this issue have almost universally held that they have jurisdiction to consider habeas petitions like the one filed by Petitioner. In short, Section 1252(g) does not apply since Petitioner "does not attempt by this petition to address the commencement, adjudication, or execution of removal orders and their proceedings."[3] *Soumare v. Jamison*, 2025 WL 3461542, at *2 (E.D. Pa. Dec. 2, 2025) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (jurisdiction stripping under § 1252(g)(2) applies "only to [these] three discrete actions")); *see also Demirel v. Fed. Det. Ctr.*

---

[3] Section 1252(g) of the INA provides, in relevant part, that: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

*Philadelphia*, 2025 WL 3218243, at *3 (E.D. Pa. Nov. 18, 2025) (Section 1252(g) does not bar jurisdiction because the petitioner "seeks a bond hearing; he does not challenge the commencement, adjudication, or execution of his removal (which may not even occur)").

Section 1252(b)(9) also does not divest this Court of jurisdiction over the habeas petition, because it "does not reach claims that are independent of, or wholly collateral to, the removal process."[4] *E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d. Cir. 2020) (internal citation and quotation marks omitted). Moreover, § 1252(b)(9) "does not strip jurisdiction when aliens seek relief that courts cannot meaningfully provide alongside review of a final order of removal." *Id.* ("If 'later' is not an option, review is available now."); *see also Demirel*, 2025 WL 3218243, at *3 ("Later is not an option here, because the Court of Appeals could not 'meaningfully' redress Demirel's purported unlawful denial of release on bond should his final removal be ordered."). The same logic applies here: later is not an option here because the Court of Appeals could not meaningfully address Petitioner's unlawful detention without a bond hearing.

And section 1252(a)(2)(B)(ii) is inapposite because the Respondents' "statutory detention power is 'not a matter of discretion' to which § 1252(a)(2)(B)(ii) applies."[5]

---

[4]   Section 1252(b)(9) of the INA provides, in relevant part, that "Judicial review of all questions of law and fact, including the interpretation and application of constitutional or statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). These claims must be filed "with an appropriate court of appeals." *Id.* § 1252(a)(2)(D).

[5]   Section 1252(a)(2)(B)(ii) of the INA provides, in relevant part, that "no court shall have jurisdiction to review . . . any other decision or action by the Attorney General or Secretary of Homeland Security the

7

*Soumare*, 2025 WL 3461542, at *2 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)); *see also Demirel*, 2025 WL 3218243, at *3 ("Section 1252(a)(2)(B)(ii) thus also does not apply here."). In sum, 8 U.S.C. §§ 1252(g),1252(b)(9), and 1252(a)(2)(B)(ii) do not divest this Court of jurisdiction to hear Petitioner's habeas petition.

Respondents next claim the habeas petition must be dismissed because Petitioner did not exhaust his administrative remedies before an Immigration Judge and the Board of Immigration Appeals. (Doc. 8 at 22-24). While habeas petitioners are "ordinarily required to exhaust their administrative remedies," *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996), they "need not exhaust administrative remedies where the issue presented involves only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 434-35 (3d Cir. 2012). Moreover, exhaustion of administrative remedies is also not required when doing so would be futile. *Demirel*, 2025 WL 3218243, at *4. Because the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) "predetermined the statutory issue" Petitioner "has no reasonable prospect of obtaining relief through administrative remedies." *Demirel*, 2025 WL 3218243, at *4 (internal citation and quotation marks omitted). Accordingly, the Petition will not be dismissed for failure to exhaust administrative remedies.

---

authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

8

## B. The Court Will Grant Petitioner's Habeas Petition.

Turning to the merits of the Petition, the Court will first consider the two statutory provisions of the INA at issue. 8 U.S.C. § 1225 is statute entitled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." It provides, in relevant part:

> **(b) Inspection of applicants for admissions**
> **(2) Inspection of other aliens**
> **(A) In General**
> Subject to subparagraph (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a [removal proceedings] of this title.

8 U.S.C. § 1225(b)(2)(A). 8 U.S.C. § 1226, in contrast, is entitled "Apprehension and detention of aliens." It provides, in relevant part:

> **(a) Arrest, detention, and release**
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole; but
> (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a).[6] Respondents are currently detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A). It is undisputed that Petitioner has not been charged with or convicted of a criminal offense, does not have a final order of removal, and his asylum appeal is currently pending before the Board of Immigration Appeals. (Docs. 8, 8-4).

The overwhelming majority of federal district courts that have addressed this issue have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. § 1226(a) and accordingly are entitled to a bond hearing. *See Demirel*, 2025 WL 3218243, at *1 ("Although there is no apposite appellate authority, there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA—the same interpretation it urges here—was rejected."). Indeed, every district court in the Third Circuit to consider this issue has found that detainees similarly situated to Petitioner are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) and that the Respondents' interpretation of the INA is wrong.[7] These courts have further found that the statutory provisions of the INA

---

[6] There is no evidence before the Court that the Attorney General revoked Petitioner Patel's $25,000 bond pursuant to 8 U.S.C. § 1226(b), and Respondents do not argue otherwise.

[7] *See, e.g., Sislema v. Soto*, 2025 WL 3496749 (D.N.J. Dec. 5, 2025) (Martinotti, J.); *Conde v. Jamison*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Perez Suspes v. Rose*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Lliguicota v. Cabezas*, 2025 WL 3496300 (D.N.J. Dec. 5, 2025) (Semper, J.); *Perez Silva v. Soto*, 2025 WL 3485658 (D.N.J. Dec. 4, 2025) (Semper, J.); *Patel v. Soto*, 2025 WL 3485716 (D.N.J. Dec. 4, 2025) (Quraishi, J.); *Lemu v. Soto*, 2025 WL 3470298 (D.N.J. Dec. 3, 2025) (Bumb,

that Respondents' claim divest this Court of jurisdiction do not apply to persons similarly situated to Petitioner and that there is no need to exhaust administrative remedies prior to filing a habeas petition.

---

J.); *Rudecindo v. Florentino*, 2025 WL 3470299 (D.N.J. Dec. 3, 2025) (Salas, J.); *Ulloa v. Bondi*, 2025 WL 3470307 (D.N.J. Dec. 3, 2025) (Wingenton, J.); *Velazquez v. O'Neill*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *MLZ v. Noem*, 2025 WL 3470046 (E.D. Pa. Dec. 2, 2025) (Baylson, J.); *Yilmaz v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Soumare*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Chiquito Barzola v. Warden*, 2025 WL 3443487 (D.N.J. Dec. 1, 2025) (Farbiarz, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Guerra Sutuj v. Noem*, 2025 WL 3461508 (D.N.J. Dec. 1, 2025) (Kiel, J.); *Mejia v. Cabezas*, 2025 WL 3294405 (D.N.J. Nov. 26, 2025) (Kirsch, J.); *Bah v. Soto*, 2025 WL 3295569 (D.N.J. Nov. 26, 2025) (Kiel, J.); *Morocho v. Jamison*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill*, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Ochoa-Molina v. Soto*, 2025 WL 3281820 (D.N.J. Nov. 25, 2025) (Padin, J.); *Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Henriquez-Hernandez v. Rose*, 2025 WL 3284447 (M.D. Pa. Nov. 25, 2025) (Neary, J.); *Garcia-Alvarado v. Warden*, 2025 WL 3268606 (D.N.J. Nov. 24, 2025) (Wigenton, J.); *Velasquez-Gomez v. Soto*, 2025 WL 3251443 (D.N.J. Nov. 21, 2025) (Martinotti, J.); *Valerio v. Joyce*, 2025 WL 3251445 (D.N.J. Nov. 21, 2025) (Quraishi, J.); *Ramos v. Soto*, 2025 WL 3251447 (D.N.J. Nov. 21, 2025) (Shipp, J.); *Vasquez-Lucero v. Soto*, 2025 WL 3240895 (D.N.J. Nov. 20, 2025) (Cox Arleo, J.); *Singh Sandhu v. Tsoukaris*, 2025 WL 3240810 (D.N.J. Nov. 20, 2025) (Martinotti, J.); *Patel*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Perez v. Lyons*, 2025 WL 3238540 (D.N.J. Nov. 19, 2025) (Kiel, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Illescas v. Chu*, 2025 WL 3216850 (D.N.J. Nov. 18, 2025) (Padin, J.); *Benitez Castro v. Bondi*, 2025 WL 3213829 (D.N.J. Nov. 18, 2025) (Neals, J.); *Sandoval v. Rokosky*, 2025 WL 3204746 (D.N.J. Nov. 17, 2025) (Wigenton, J.); *Demirel*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *da Silva v. LaForge*, 2025 WL 3173859 (D.N.J. Nov. 13, 2025) (Padin, J.); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Guaman Naula v. Noem*, 2025 WL 3158490 (D.N.J. Nov. 12, 2025) (Wigenton, J.); *Vicens-Marquez v. Soto*, 2025 WL 3097496 (D.N.J. Nov. 6, 2025) (Hayden, J.); *Lopez v. Noem*, 2025 WL 3101889 (D.N.J. Nov. 5, 2025) (Wigenton, J.); *Mboup v. Field Office Dir. of New Jersey Immigr. & Customs Enf't*, 2025 WL 3062791 (D.N.J. Nov. 3, 2025) (Farbiarz, J.); *Ramos v. Rokosky*, 2025 WL 3063588 (D.N.J. Nov. 3, 2025) (Padin, J.); *Ayala Amaya v. Bondi*, 2025 WL 3033880 (D.N.J. Oct. 30, 2025) (Kiel, J.); *Patel v. Almodovar*, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) (Wigenton, J.); *Del Cid v. Bondi*, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025) (Haines, J.); *Lomeu v. Soto*, 2025 WL 2981296 (D.N.J. Oct. 23, 2025) (Padin, J.); *Lopez v. Soto*, __ F. Supp. 3d __, 2025 WL 2987485 (D.N.J. Oct. 23, 2025) (Farbiarz, J.); *Maldonado v. Cabezas*, 2025 WL 2985256 (D.N.J. Oct. 23, 2025) (Semper, J.); *C.B. v. Oddo*, 2025 WL 2977870 (W.D. Pa. Oct. 22, 2025) (Brown, MJ.); *Bethancourt Soto v. Soto*, __ F. Supp. 3d __, 2025 WL 2976572 (D.N.J. Oct. 22, 20525) (O'Hearn, J.); *Buestan v. Chu*, 2025 WL 2972252 (D.N.J. Oct. 21, 2025) (Farbiarz, J.); *Castillo v. Lyons*, 2025 WL 2940990 (D.N.J. Oct. 10, 2025) (Farbiarz, J.); *Zumba v. Bondi*, 2025 WL 2753496 (D.N.J. Sept. 26, 2025) (Hayden, J.).

11

The Court finds that the near universal rejection of Respondents' interpretation of the INA by federal district courts to be highly persuasive and will adopt the same approach. Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the INA because the plain language of this provision and the statutory framework of the INA compels a finding that § 1225(b)(2)(A) applies only to noncitizens who are affirmatively seeking admission to the United States, not noncitizens like Petitioner who have resided in the United States for years.[8] *See Bethancourt Soto*, __ F. Supp. 3d __, 2025 WL 2976572, at *7 ("For all these reasons, the Court concludes that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States. Accordingly, it does not apply to individuals like Petitioner, who has been residing in the United States 'for over seven years.'"); *see also Patel*, 2025 WL 3241212, at *2 ("As for the merits of Mr. Patel's Petition, the principal issue is whether his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful. I concur with my colleagues that it is. Both the plain meaning of the text of Section 1225(b)(2)(A) and the statutory framework of the INA support the

---

[8] The Supreme Court has also acknowledged that 8 U.S.C. § 1226 "generally governs the process of arresting and detaining ... **aliens already in the country pending the outcome of removal proceedings**." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (emphasis added); *Id.* at 303 ("As noted, § 1226 applies to aliens already present in the United States.").

In addition, despite the Board of Immigration Appeals holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like Petitioner, "[t]his Court owes no deference to an agency's interpretation that conflicts with the statute's unambiguous text." *Bethancourt Soto v. Soto*, __ F. Supp. 3d __, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024)).

conclusion that the provision does not apply to noncitizens residing within the United States.").

Like other Courts to address this issue, the Court finds that Respondents' interpretation of the phrase "seeking admission" violates the rule against surplusage, would negate the plain meaning of the text, and make redundant Section 1226(c) mandatory detention of noncitizens who have committed or are charged with certain specified crimes. *See Centeno Ibbara*, 2025 WL 3294726, at *5-6 ("The government's interpretation of § 1225(b)(2) violates the rule against surplusage. If 'an applicant seeking admission' is the same as 'an applicant for admission,' then 'seeking admission' is surplusage. Congress has also recently adopted provisions in § 1226 that would be made superfluous under the government's interpretation. If a noncitizen enters the country illegally and is subsequently convicted or charged with certain crimes, these new provisions require that noncitizens be detained without a bond hearing. Under the government's interpretation, § 1225 would require such mandatory detention regardless of criminal charges or conviction. If this was the case, Congress would have no need to create additional requirements for mandatory detention."). Here, Petitioner Patel is not affirmatively "seeking admission" into the United States. He did so in 2018 and was released into the United States on $25,000 bond which has not been revoked. Because Petitioner is not currently "seeking admission" into the United States, Section 1225(b)(2)(A) does not apply to him.

As for Petitioner's constitutional arguments, it is undisputed that Petitioner is entitled to the protections of the Fifth Amendment's due process clause.[9] *See Zadvydas*, 533 U.S. at 693 ("But once an alien enters the country, the legal circumstances change, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Applying the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 325 (1976) to the mandatory detention without a bond hearing at issue here, the Court must weigh three factors: (1) the "private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through procedure used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest,

---

[9]   Respondents further argue that the Petitioner's petition should be denied "as Petitioner is challenging a lawfully enacted regulation (8 C.F.R. § 1003.19(i)(2)) authorizing his detention through an automatic stay, but critically, that automatic stay merely implements detention Congress authorized under 8 U.S.C. § 1225(b)(2)." (Doc. 8, at 2). The Court disagrees because the automatic stay provision does not apply here. As of the date of this writing, Respondents "have provided no evidence of the mandated certification by ICE/DHS officials, as required by 8 C.F.R. § 1003.19(i)(2) to invoke the automatic stay." *Herrea v. Knight*, __ F. Supp. 3d __, 2025 WL 2581792, at *1 (D. Nev. Sept. 5, 2025). And, in any event, this Court agrees with the district courts who have addressed this issue: Respondents' interpretation of this regulation as applied to Petitioner would violate due process. *See Leal-Hernandez v. Noem*, __ F. Supp. __, 2025 WL 2430025, at *13-14 (D. Md. Aug. 24, 2025) ("The court likewise concludes the automatic stay as applied to Petitioner violates his Fifth Amendment right to procedural due process. . . .The automatic stay is a violent distortion of proper, legitimate process whereby the Government, as though by talisman, renders itself at once prosecutor and adjudicator."); *see also Mohammed H. v. Trump*, 786 F. Supp. 3d 1146, 1158 (D. Minn. 2025) ("Prior to being released by this Court's May 5, 2025 Order, Petitioner remained in custody only because the Government invoked the automatic stay provision in 8 C.F.R. § 1003.19(i)(2). Although the Immigration Judge had ordered Petitioner to be released on bond, the Government stayed that order without making any showing of dangerousness, flight risk, or any other factor justifying detention. Simply by fiat—without introducing any proof and without immediate judicial review—the Government effectively overruled the bond decision and kept Petitioner detained. In doing so, the automatic stay rendered Petitioner's continued detention arbitrary and gave him no chance to contest the Government's case for detention.").

including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Id.* 424 U.S. at 335. The first factor weighs heavily in Petitioner's factor, as the "official action" has deprived him of his physical liberty. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (noting "the most elemental of liberty interest—the interest in being free from physical detention."). As for the second factor, the Court further finds this factor weighs heavily in Petitioner's favor "as he is presently and *erroneously* detained under the mandatory detention provisions of § 1225, without an opportunity for a bond hearing." *Bethancourt Soto*, __ F. Supp. 3d __, 2025 WL 2976572, at *8 (emphasis in original). Lastly, the Court notes the Government has an interest in detaining noncitizens to ensure "the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Zadvydas*, 533 U.S. at 690. However, this factor still weighs in Petitioner's favor because Respondents do not dispute that he has no criminal record, he has already posted a $25,000 bond, and the Respondents have not claimed that Petitioner poses a danger or is a flight risk. Accordingly, the Court further finds that Petitioner's mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) further violates his procedural due process rights under the Fifth Amendment. *See Bethancourt Soto*, __ F. Supp. 3d __, 2025 WL 2976572, at *8 ("Taken together, the Court finds the *Mathews* factors weigh decisively in Petitioner's favor, and as such his mandatory detention under § 1225(b)(2)(A) violates his procedural due process rights.") (citations omitted).

Under the Respondents' approach, Petitioner and those noncitizens residing in the United States who have not committed, or been charged with, a specified crime under the INA could be lawfully detained without a bond hearing consistent with constitutional requirements from the time the Immigration Judge denied Petitioner's asylum application in July of 2023 until some future date when the Board of Immigration Appeals rules on his pending appeal. (Doc. 8 at 2-3). And likely for a period much longer, despite Respondents' claims that the detention is only "temporary." (*Id.*, at 43-48). This prolonged and indefinite detention would continue if Petitioner appealed the forthcoming Board of Immigration Appeals decision to the Third Circuit Court of Appeals and potentially to the Supreme Court, should he file a petition for writ of certiorari. Further, Respondents' approach would be inconsistent with the Supreme Court's decision in *Zadvydas* (which considered the indefinite detention of the petitioner *after a final removal order* and finding fewer than six months detention is presumed to be constitutional) and would violate both the INA and Petitioner's due process rights by depriving him of his liberty without due process of law. Importantly, Respondents do not dispute that there is no final removal order for Petitioner because his appeal remains pending with the BIA. (Doc. 8 at 12-13). Nor do Respondents dispute that Petitioner, as of February 2019, was released into the United States on $25,000 bond which has not been revoked, was granted work authorization and a social security card, and still has a pending asylum application and thus no final order of removal exists. Accordingly, the Court will grant Petitioner's habeas petition because his detention under § 1225 is unlawful.

The Court declines to address Petitioner's request for fees and costs under the Equal Access to Justice Act. Petitioner may re-file this request with the appropriate court at the conclusion of Petitioner's immigration proceedings.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted because his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing is unlawful and violates both the INA and the Fifth Amendment's procedural due process clause. Because the Respondents maintain that a bond hearing is not required and the Respondents' interpretation is inconsistent with the INA, Respondents will be directed to immediately release Petitioner Patel from the custody of Respondent Angela Hoover, Warden of Clinton County Correctional Facility, and file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Petitioner Patel has been released from custody. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (acknowledging that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."); *see also Bethancourt Soto*, 2025 WL 2976572, at *9 (ordering immediate release); *Patel*, 2025 WL 3241212, at *3 (same); *Flores Obando*, 2025 WL 3452047, at *3 (same); *Kashranov*, 2025 WL 3188399, at *8 (same).

Respondents will further be permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225. *See Bethancourt Soto*, 2025 WL 2976572, at *9 (permanently enjoining

respondents from detaining petitioner under § 1225 where petitioner did not file a motion for temporary restraining order or motion for preliminary injunction); *see also Maldonado*, 2025 WL 2985256, at *7 ("The Court grants the writ of habeas corpus and orders Respondents to release Petitioner within 24 hours. . . . Following Petitioner's release, Respondents are permanently enjoined from rearresting or otherwise detaining Petitioner under § 1225(b)(2)."). If Respondents elect to later detain Petitioner Patel under 8 U.S.C. § 1226, the Respondents must provide Petitioner Patel with notice and an opportunity to be heard at a timely individualized bond hearing, where an Immigration Judge will assess whether he is a danger or flight risk. *Patel*, 2025 WL 3241212, at *3. A separate Order follows.

Robert D. Mariani
United States District Judge